UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MARY E. HOWELL**                                                  **CIVIL ACTION**

**VERSUS**                                                          **No. 06-11157**

**ABC INSURANCE COMPANY, ET AL.**                                   **SECTION: I/2**

ORDER AND REASONS

The matter before the Court is a motion to remand, filed on behalf of plaintiff, Mary E. Howell.  Defendants in this matter are State Farm Fire and Casualty Company ("State Farm"), Chris Nolan, ABC Insurance Company, and XYZ Insurance Company.

This Court has issued extensive opinions on the full range of legal issues regarding motions to remand in Hurricane Katrina insurance litigation.  *See, e.g.*, *Bourgeois v. State Farm Fire & Cas. Co.*, No. 06-8037, 2006 WL 3344736 (E.D. La. Nov. 16, 2006); *Rizzuto v. Tully*, No. 06-6883, 2006 WL 3332832 (E.D. La. Nov. 14, 2006); *Jackson v. State Fire & Cas. Ins. Co.*, No. 06-4467, 2006 WL 3332835 (E.D. La. Nov. 9, 2006); *Yount v. Lafayette Ins. Co.*, No. 06-7382, 2006 WL 3240790 (E.D. La. Nov. 7, 2006); *Trosclair v. Security Plan Life Ins. Co.*, No. 06-9220, 2006 U.S. Dist. LEXIS 84100 (E.D. La. Nov. 6, 2006); *Richmond v. Chubb Group of Ins. Cos.*, No. 06-3973, 2006 WL 2710566 (E.D. La. Sept. 20, 2006); *Best v. Independent Ins. Assocs. Inc.*, No. 06-1130, 2006 WL 2710445 (E.D. La. Sept. 19, 2006); *Nash v. Harry Kelleher &*

*Co.*, No. 06-1083, 2006 WL 2644960 (E.D. La. Sept. 14, 2006); *Smith Lupo Williams Partners v. Carter*, No. 06-2808, 2006 WL 2548255 (E.D. La. Aug. 31, 2006).

After fully considering the law, the facts, and the arguments of all parties, the Court finds that the above cited decisions, when applied to the facts of this case, dictate a remand.[1]  The Court is inundated with motions to remand in cases such as this one, and it is neither in the interest of justice nor judicial economy to issue an extensive, yet repetitive, opinion.  The Court, therefore, incorporates the applicable legal standards and analysis from its prior opinions as though fully written herein.

---

[1] The Court notes that, on the facts of this case, defendants have failed to establish that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).  This Court has previously addressed the substantive legal arguments raised here.  *See Richmond*, 2006 WL 2710566.

As in *Richmond*, the date from which the peremptive periods under La. R.S. 9:5606 must run is a contested issue of substantive fact in this case. *Richmond*, 2006 WL 2710566 at *5.  Given that plaintiff generally alleges that Nolan failed to properly advise her, *see* Rec. Doc. No. 1-2, p. 5, the Court cannot determine, based on uncontested facts, the date from which the peremptive period should run.  Since this Court must resolve substantive issues of contested fact in plaintiff's favor, *Richmond*, 2006 WL 2710566, at *3, defendants cannot satisfy their burden under *Smallwood*.

Additionally, considering the Louisiana case law reviewed in *Richmond,* there is a reasonable basis to predict that plaintiff might be able to recover against Nolan.  *See id.* at *6.  In *Richmond*, this Court noted that Louisiana courts have held that an insurance agent's "fiduciary duty includes advising his client with regards to recommended coverage."  *Id.* (quoting *Durham v. McFarland*, 527 So. 2d 403, 405 (La. Ct. App. 4th Cir. 1988)).  Here, plaintiff generally alleges that the agent breached his fiduciary duty to advise plaintiff regarding her insurance coverage.  Rec. Doc. No. 1-2, p. 5.  Plaintiff also specifically alleges that she relied on her 20-year relationship with Nolan as her insurance agent to insure that she had adequate coverage.  Rec. Doc. No. 1-2, p. 3.  While the Court cannot conclude based on these general allegations that plaintiff will succeed in her claims against Nolan, defendants have failed to establish that there is no reasonable basis to predict that plaintiff might be able to recover.

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that the motion to remand filed on behalf of plaintiff[2] is **GRANTED** and the case is **REMANDED** to Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, February   27th  , 2007.

_____
LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[2]Rec. Doc. No. 4.